## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### BECKLEY DIVISION

GARRY LEE TOLER,                    )
                                    )
          Movant,                   )
                                    )
v.                                  )       **CRIMINAL NO. 5:03-00122**
                                    )       **(Civil Action No. 5:05-0510)**
UNITED STATES OF AMERICA,           )
                                    )
          Respondent.               )

### PROPOSED FINDINGS AND RECOMMENDATION

Movant, acting *pro se* and then in confinement at FCI Gilmer, Glenville, West Virginia,[1]

filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in

Federal Custody on June 24, 2004.[2]  (Doc. No. 52.)  By Standing Order also filed on June 24, 2005,

Movant's Motion was referred to the undersigned United States Magistrate Judge for the submission

of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. §

636(b)(1)(B).  (Doc. No. 54.)  The undersigned finds that the issues which Movant has raised are

without merit and therefore respectfully recommends the dismissal of Movant's Motion.

### FACTUAL AND PROCEDURAL BACKGROUND

On July 21, 2003, Movant pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a).

United States v. Toler, Criminal Action No. 5:03-00122-1, Doc. Nos. 13-15.  Movant was sentenced

on November 18, 2003, and the District Court imposed a 210 month term of incarceration, a three

---

[1] The Bureau of Prison's Inmate Locator indicates that Movant is presently incarcerated at USP Hazelton, Preston County, West Virginia.

[2] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally.  *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

year term of supervised release, a $5,000 fine, and a $100 special assessment.  Id., Doc. No. 26.

Movant appealed his sentence claiming that the District Court erred in denying him an adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1 (2003), and for failing to recognize its authority to depart below the career offender guideline range pursuant to U.S.S.G. § 4A1.3.[3]  Finding no error, the Fourth Circuit affirmed Movant's sentence by unpublished decision dated October 4, 2004.  United States v. Toler, 110 Fed. Appx. 327, 2004 WL 2245138 (4th Cir. (W.Va.) Oct. 4, 2004).   Id.  Doc. No. 47. Movant did not seek review of the Fourth Circuit's decision in the United States Supreme Court.

On June 17, 2002, Movant filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody.  (Doc. No. 52.)  Movant contends that he was sentenced as a career offender without receiving notice prior to sentencing.  (Id. at 4.)  Movant contends that he did not raise the issue on appeal because his lawyer did not inform him of the mistake.  (Id.) Movant also contends that his "sentence was enhanced from 60 months to 210 months without a hearing in front of [a] jury" and without receiving written notice prior to sentencing.  (Id. at 6.)

_____

[3] Movant maintained "that he was entitled to a departure below the career offender guideline range because both predicate offenses were committed more than fifteen years before he committed the instant offense,[] the sentences were partially concurrent, and he did not have another felony conviction for a crime of violence or drug offense until his conviction for the instant offense." United States v. Toler, 110 Fed. Appx. 327, 329, 2004 WL 2245138, *2 (4th Cir. (W.Va.) Oct. 4, 2004). The Court noted that Movant did not offer any argument concerning the District Court's decision to characterize him as a career offender and thus had abandoned on appeal the issue of his career offender status.  Id.  Nevertheless, the Court further noted that the sentence for each of Movant's predicate offenses extended into the fifteen-year period preceding the instant offense, and was thus countable in his criminal history pursuant to USSG § 4A1.2(e)(1).  Id.

## DISCUSSION

Relief is available under 28 U.S.C. § 2255 "upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such a sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. . . ." Accordingly, in order to be cognizable under § 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack.  Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962).  Section 2255 is not a substitute for direct appeal.  United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994).  *See* United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in § 2255 proceedings. *See* United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, § 2255 is no substitute, and the failure precludes § 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised

3

on direct appeal.") The Court stated as follows in United States v. Essig, 10 F.3d 968, 979 (3d Cir.

1993):

> If defendants could routinely raise, in a § 2255 collateral proceeding, errors in sentencing not raised on direct appeal which the sentencing court had not had an opportunity to correct, Congress's intent of encouraging direct appellate review of sentences under the Sentencing Guidelines would be frustrated. Moreover, the Federal Rules of Criminal Procedure now plainly set out the procedure that must be used for challenges to presentencing reports and sentencing procedures.

See also United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), cert. denied, 517 U.S. 1161,

116 S.Ct. 1555, 134 L.Ed.2d 657 (1996)( quoting the above passage from Essig and adopting the

cause and prejudice standard for § 2255 attacks on sentences following guilty pleas). The standard

is conjunctive. As a general matter therefore, movants must show good cause for and prejudice from

their failure to raise any constitutional issues advanced under § 2255 on direct appeal. See

Theodorou, supra, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are

the exception. They are more properly raised in § 2255 proceedings and not on direct appeal. United

States v. Richardson, 195 F.3d 192, (4th Cir. 1999), cert. denied, 528 U.S. 1096, 120 S. Ct. 837, 145

L.Ed.2d 704 (2000).

### A.    Movant's Classification as a Career Criminal Offender

Movant seeks relief under § 2255 asserting essentially that error occurred in his sentencing.

Review of sentencing error is available in the first place on direct appeal.   See 18 U.S.C. §

3742(a)(allowing for direct appeal from sentence imposed in violation of law or based on incorrect

application of Sentencing Guidelines.)  Although Movant appealed his sentence, Movant did not

challenge his status as a career offender on appeal.  To the extent that Movant is attempting to raise

a non-constitutional sentencing issue, he has waived the right to do so in these *habeas* proceedings

by failing to raise it on direct appeal of his sentence.  The undersigned further finds that Movant is

4

attempting to raise the issue now under § 2255 under the guise of an ineffective assistance of counsel claim by claiming that his counsel failed to advise him that he had mistakenly failed to raise the issue of his career offender status on appeal. Under these circumstances, the District Court should further consider the issue under the cause and prejudice standard of <u>United States v. Frady</u>, 456 U.S. 152, 168, 102 S.Ct. 1584, 1594, 71 L.Ed.2d 816 (1982). The undersigned finds that Movant is actually attempting to raise an issue now respecting his sentence which is non-constitutional in nature. The undersigned further finds that Movant has not shown and cannot show any cause or reason why he did not present the issue on direct appeal, and therefore, Movant has waived the right to raise the issue under § 2255 by failing to raise it in taking the direct appeal of his sentence.

**B. <u>Blakely</u>**

Movant essentially contends that the District Court erred under <u>Blakely v. Washington</u>, 542 U.S. 296, 124 S.Ct. 2531, 159 L.Ed.2d 403 (June 24, 2004), in that in sentencing, his base level offense was enhanced without the enhancements being submitted to a jury, in violation of his Sixth Amendment rights. In <u>Blakely</u>, the Supreme Court reaffirmed the Court's holding in <u>Apprendi v. New Jersey</u>, 530 U.S. 466, 490, 120 S.Ct. 2348, 2362-63, 147 L.Ed.2d 435 (2000), that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." and invalidated Washington's sentencing scheme because it required the Judge to impose a sentence based on facts neither admitted by the defendant nor reflected in the jury verdict, in violation of the Sixth Amendment.[4] <u>Blakely</u>, 542 U.S. at 296, 124 S.Ct. at 2537. On January 12, 2005, the Supreme

---

[4]In *Blakely*, the Court defined the phrase "statutory maximum" for *Apprendi* purposes as "the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant.*" *Blakely*, 542 U.S. at 303,124 S.Ct. at 2537 (emphasis in original).

Court decided <u>United States v. Booker</u>, and <u>United States v. Fanfan</u>, 543 U.S. 220, 125 S.Ct. 738, 160 L.Ed.2d 621, which applied the holding in <u>Blakely</u> to the Federal Sentencing Guidelines and held: "Any fact (other than a prior conviction) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." <u>Booker</u>, 543 U.S. 220, 125 S.Ct. at 756. The <u>Booker</u> holding applies "'to all cases on direct review or not yet final, with no exception for cases in which the new rule constitutes a "clear break" with the past': <u>Booker</u>, 543 U.S. 220, 125 S.Ct. At 769 (*quoting* <u>Griffith v. Kentucky</u>, 479 U.S. 314, 328, 107 S.Ct. 708, 716, 93 L.Ed.2d 649 (1987)). The Fourth Circuit Court of Appeals joined nine Circuit Court of Appeals which had consider whether <u>Booker</u> applies retroactively to persons whose convictions were final prior to the Supreme Court's decision and determined that it does not. <u>United States v. Morris</u>, 429 F.3d 65 (4th Cir. 2005).

The undersigned finds that the Supreme Court's decision in <u>Apprendi</u>, <u>Blakely</u>, and <u>Booker</u>, can have no effect upon Movant's sentence because his 210 month sentence did not exceed the applicable statutory maximum penalty of 20 years imprisonment for Movant's admitted violation of 18 U.S.C. § 2113(a). The undersigned further finds that <u>Booker</u> is inapplicable because Movant's conviction was final prior to the Supreme Court's decision in <u>Booker</u>,[5] and the Fourth

---

[5] For purposes of retroactivity analysis and collateral review, Petitioner's sentence became final on January 2, 2005, ninety days after the Fourth Circuit's entry of its decision. (October 4, 2004). *See* Sup. Ct. R. 13.1; *Clay v. United States*, 537 U.S. 522, 123 S.Ct. 1072, 1076, 155 L.Ed.2d 88 (2003)(holding that "[f]inality attaches when the Court affirms a conviction on the merits on direct review or denies a petition for writ of certiorari, or when the time for filing a certiorari petition expires.")(citing, *Caspari v. Bohlen*, 510 U.S. 383, 390, 114 S.Ct. 948, 953, 127 L.Ed.2d 236 (1994)(holding that "[a] state conviction and sentence becomes final for purposes of retroactivity analysis when the availability of direct appeal to the state courts has been exhausted and the time for filing a petition for a writ of certiorari has elapsed or a timely filed petition has been finally

Circuit has found that <u>Booker</u> is not retroactive.

## PROPOSAL AND RECOMMENDATION

Accordingly, the undersigned respectfully proposes that the Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. No. 52) and **DISMISS** and remove this matter from the Court's docket.

Movant is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, Movant shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. <u>Snyder v. Ridenour</u>, 889 F.2d 1363, 1366 (4th Cir. 1989); <u>Thomas v. Arn</u>, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); <u>Wright v. Collins</u>, 766 F.2d 841, 846 (4th Cir. 1985); <u>United States v. Schronce</u>, 727 F.2d 91, 94 (4th Cir.) <u>cert. denied</u>, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, Judge Johnston, and this Magistrate Judge.

---

denied.")

The Clerk of this Court is directed to file this "Proposed Findings and Recommendation" and to mail a copy of the same to Movant and counsel of record, if any.

ENTER: October 19, 2006.

R. Clarke VanDervort
United States Magistrate Judge

8