IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

| | |
|---|---|
| GARY L. TOLER, | ) |
| | ) |
|     Movant, | ) |
| | ) |
| v. | )   CIVIL ACTION NO. 5:05-0510 |
| | )   (Criminal No. 5:03-0122) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
|     Respondent. | ) |

**SUPPLEMENTAL PROPOSED FINDINGS AND RECOMMENDATION**

Movant, acting *pro se* and formerly incarcerated at FCI Gilmer,[1] filed a Motion Under 28 U.S.C. §2255 to Vacate, Set Aside or Correct Sentence by a Person in Federal Custody on June 24, 2005.[2] (Document No. 52.) By Standing Order, Movant's Motion was referred to the undersigned United States Magistrate Judge for the submission of proposed findings of fact and a recommendation for disposition pursuant to 28 U.S.C. § 636(b)(1)(B). (Document No. 54.) The undersigned filed Proposed Findings and Recommendation on October 19, 2006, recommending that the District Court dismiss Movant's Motion filed under Section 2255. (Document No. 61.) By Memorandum Opinion and Judgment Order entered on November 26, 2007, the District Court adopted in part the undersigned's recommendation and denied Movant's Motion regarding his Booker claim, and remanded the action back to the undersigned for a supplemental report and recommendation concerning Movant's ineffective assistance of counsel claim. (Document No. 63.)

---

[1] The Bureau of Prison's Inmate Locator indicates that Movant is presently incarcerated at MCFP Springfield, located in Springfield, Missouri, with a projected release date of August 30, 2018.

[2] Because Movant is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. See Haines v. Kerner, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

## FACTUAL AND PROCEDURAL BACKGROUND

On July 21, 2003, Movant pled guilty to bank robbery in violation of 18 U.S.C. § 2113(a). (Criminal Action No. 5:03-00122-1, Document Nos. 13-15.) On November 18, 2003, the District Court sentenced Movant to a 210-month term of imprisonment, to be followed by a three-year term of supervised release. (Id., Document No. 26.) The District Court also imposed a $5,000 fine, and a $100 special assessment. (Id.)[3] Movant appealed his sentence to the Fourth Circuit Court of Appeals. (Id., Document No. 28.) Movant argued that the District Court erred in denying him an adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1 (2003), and for failing to recognize its authority to depart below the career offender guideline range pursuant to U.S.S.G. § 4A1.3.[4] On October 4, 2004, the Fourth Circuit affirmed Movant's sentence. United States v. Toler, 110 Fed. Appx. 327, 2004 WL 2245138 (4th Cir. (W.Va.) Oct. 4, 2004); (Id. Document No. 47.) Movant did not seek review of the Fourth Circuit's decision in the United States Supreme Court.

On June 17, 2002, Movant filed his Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Document No. 52.) Movant claims that he was sentenced as a career offender without receiving notice pursuant to 21 U.S.C. § 851(a)(1) prior to

---

[3] 18 U.S.C. § 2113(a) provides that anyone who violates it is subject to imprisonment for not more than twenty years.

[4] Movant maintained "that he was entitled to a departure below the career offender guideline range because both predicate offenses were committed more than fifteen years before he committed the instant offense,[] the sentences were partially concurrent, and he did not have another felony conviction for a crime of violence or drug offense until his conviction for the instant offense." *United States v. Toler*, 110 Fed. Appx. 327, 329, 2004 WL 2245138, *2 (4th Cir. (W.Va.) Oct. 4, 2004). The Court noted that Movant did not offer any argument concerning the District Court's decision to characterize him as a career offender and thus had abandoned on appeal the issue of his career offender status. *Id*. Nevertheless, the Court further noted that the sentence for each of Movant's predicate offenses extended into the fifteen-year period preceding the instant offense, and was thus countable in his criminal history pursuant to USSG § 4A1.2(e)(1). *Id*.

2

sentencing. (Id. at 4.) Movant contends that he did not raise the issue on appeal because his lawyer did not inform him of the mistake. (Id.) Therefore, Movant appears to be alleging ineffective assistance of counsel in his trial attorney's failure to object to the United States' failure to provide notice pursuant to 21 U.S.C. § 851(a)(1) and to appeal his classification as a career offender.

## DISCUSSION

The relevant portion of Section 2255 provides as follows:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

In order to be cognizable under Section 2255, claims based on other than constitutional or jurisdictional grounds must present exceptional circumstances that justify permitting a collateral attack. Stated another way, the alleged error must amount to "a fundamental defect which inherently results in a complete miscarriage of justice" or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S.Ct. 468, 7 L.Ed.2d 417 (1962). Section 2255 is not a substitute for direct appeal. United States v. Frady, 456 U.S. 152, 165, 102 S.Ct. 1584, 71 L.Ed.2d 816 (1982). Accordingly, errors warranting a reversal on direct appeal will not necessarily support a collateral attack. Knight v. United States, 37 F.3d 769, 772 (1st Cir.1994). See United States v. Addonizio, 442 U.S. 178, 184, 99 S.Ct. 2235, 60 L.Ed.2d 805 (1979). Failure to raise an issue presented in sentencing on direct appeal which is non-constitutional in nature amounts to a waiver of the right to contest the issue in Section 2255 proceedings. See United States v. Emanuel, 869 F.2d 795 (4th Cir. 1989).

With respect to issues which are constitutional in nature, absent a showing of good cause for and prejudice from failing to appeal as may be shown by a defendant in criminal proceedings, Section 2255 is no substitute, and the failure precludes Section 2255 review. Theodorou v. United States, 887 F.2d 1336, 1339-40 (7th Cir. 1989)("[A]bsent a showing of cause and prejudice, a defendant is barred from raising any constitutional challenge in a section 2255 proceeding which could have been raised on direct appeal."); United States v. Essig, 10 F.3d 968, 979 (3d Cir. 1993); *See also* United States v. Maybeck, 23 F.3d 888, 891 (4th Cir. 1994), *cert. denied*, 517 U.S. 1161, 116 S.Ct. 1555, 134 L.Ed.2d 657 (1996). The standard is conjunctive. As a general matter, therefore, movants must show good cause for and prejudice from their failure to raise any constitutional issues advanced under Section 2255 on direct appeal. See Theodorou, *supra*, 887 F.2d at 1340. Constitutional claims of ineffective assistance of counsel are the exception. They are more properly raised in Section 2255 proceedings and not on direct appeal. United States v. Richardson, 195 F.3d 192 (4th Cir. 1999), *cert. denied*, 528 U.S. 1096, 120 S. Ct. 837, 145 L.Ed.2d 704 (2000).

Indigent criminal defendants have the constitutional right to effective assistance of counsel through a direct appeal. Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) When a movant claims ineffective assistance of counsel as a basis for seeking relief under § 2255, the burden is on the movant to prove that his trial attorney failed to render effective assistance. Strickland v. Washington, 466 U.S. 668, 689, 104 S.Ct. 2052, 2065, 80 L.Ed.2d 674 (1984). In Strickland, the Court adopted a two-pronged test for determining whether a defendant received adequate assistance of counsel. Id. The first prong is competence. The movant must show that the representation fell below an objective standard of reasonableness. Strickland, 466 U.S. at 687-91, 104 S.Ct. at 2064-66. There is a strong presumption that the conduct of counsel was in the wide range of what is considered reasonable professional assistance, and a reviewing Court must be

highly deferential in scrutinizing the performance of counsel. Strickland, 466 U.S. at 688-89, 104 S.Ct. at 2065-66.

> A convicted defendant making a claim of ineffective assistance must identify the acts or omissions of counsel that are alleged not to have been the result of reasonable professional judgment. The court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. . .. [C]ounsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment.

Strickland, 460 U.S. at 690, 104 S.Ct. at 2066. The Court will not second-guess an attorney's tactical decisions unless they appear unreasonable in view of all of the circumstances. Goodson v. United States, 564 F.2d 1071, 1072 (4th Cir. 1977) The second prong is prejudice. The movant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Strickland, 466 U.S. at 694, 104 S.Ct. at 2068; Hill v. Lockhart, 474 U.S. 52, 59, 106 S.Ct. 366, 370, 88 L.Ed.2d 203 (1985). An attorney's mere mistake, ignorance or inadvertence does not suffice for proof of ineffective assistance. Murray v. Carrier, 477 U.S. 478, 106 S. Ct. 2639, 2645-46, 91 L.Ed.2d 397 (1986)("So long as a defendant is represented by counsel whose performance is not constitutionally ineffective under the standard established in Strickland v. Washington, . . . we discern no inequity in requiring him to bear the risk of attorney error that results in a procedural default.") The movant must therefore show (1) that his attorney's performance was constitutionally inadequate, i.e., that he committed errors so serious that his performance "fell below an objective standard of reasonableness" and (2) that his attorney's performance prejudiced him such that it rendered the proceeding fundamentally unfair or made the

result unreliable. Strickland, 466 U.S. at 687-88, 104 S.Ct. at 2064-65; Fitzgerald v. Thompson, 943 F.2d. 463 (4th Cir. 1991), *cert. denied*, 502 U.S. 1112, 112 S. Ct. 1219, 117 L.Ed.2d 456 (1992).

A. **Failure to Object to Sentencing Enhancement.**

An attorney's failure "to object to an improper application of the sentencing guidelines may amount to ineffective assistance of counsel." United States v. Breckenridge, 93 F.3d 132, 136 (4th Cir. 1996). Movant argues that trial counsel acted ineffectively by failing to object to Movant's classification as a career offender and the enhancement of his sentence without notice pursuant to 21 U.S.C. § 851(a)(1). Specifically, Movant states that the status of "career offender [was] imposed at sentencing without proper, written notice prior to sentencing." (Document No. 52, p. 4.) Section 851(a)(1) provides as follows:

> No person who stands convicted of an offense under this part shall be sentenced to increased punishment by reason of one or more prior convictions, unless before trial, or before entry of a plea of guilty, the United States attorney files an information with the court (and serves a copy of such information on the person or counsel for the person) stating in writing the previous convictions to be relied upon.

The Fourth Circuit, however, has recognized that notice pursuant to Section 851 is not required prior to classifying a defendant as a career offender and enhancing his sentence under the Sentencing Guidelines. United States v. Foster, 68 F.3d 86, 89 (4th Cir. 1995)(stating that "section 851 was never intended to extend to enhancements under the Guidelines. The enhanced punishments to which section 851 refers are those provided for by statute.") The circumstances in Movant's case did not require notification under Section 851. Therefore, trial counsel's failure to object to the lack of notice pursuant to Section 851 did not fall "below an objective standard of reasonableness."[5]

---

[5] As previously noted by the District Court, Movant's argument of ineffective assistance of counsel is undermined by his filing of a Motion for Appointment of Counsel (Document No. 50.), wherein he specifically requests that his defense attorney for his criminal case, Timothy Lupardus,

Additionally, Movant was not prejudiced by the enhancement under the Guidelines. His sentence did not exceed the statutory maximum. Movant has not met and can not meet the competence and the prejudice prongs of the Strickland analysis, and has failed therefore to prove that trial counsel was ineffective in counseling and representing him through his guilty plea.

B.     **Failure to Appeal Career Offender Classification.**

Movant argues that trial counsel mistakenly failed to raise the issue of his career offender status on appeal. Specifically, Movant again contends that notice pursuant to Section 851 was required prior to his sentencing. Movant states that "[a]fter speaking to another inmate about my case, he alerted me to the grounds mentioned in this form." (Document No. 52, p. 11.) Thus, Movant is asserting that counsel acted ineffectively by failing to present an allegedly meritorious issue on appeal. First, the undersigned finds that Movant was not prejudiced by counsel's failure to raise the lack of Section 851 notice on appeal because the issue lacked merit. Next, even assuming the issue to be meritorious, counsel is not required to raise on appeal every non-frivolous issue requested by a defendant. Jones v. Barnes, 463 U.S. 745, 751, 103 S.Ct. 3308, 3312, 77 L.Ed.2d 987 (1983)(stating that no decision "of this Court suggests...that the indigent defendant has a constitutional right to compel appointed counsel to press nonfrivolous points requested by the client, if counsel, as a matter of professional judgment, decides not to present those points."). The"[w]innowing out weaker arguments on appeal and focusing on those more likely to prevail, far from evidence of incompetence, is the hallmark of effective appellate advocacy." Smith v. South Carolina, 882 F.2d 895, 899 (4th Cir. 1989)(*quoting* Smith v. Murray, 477 U.S. 527, 536, 106, S.Ct. 2661, 2667, 91 L.Ed.2d 434 (1986). The undersigned notes that counsel filed an appeal on Movant's

---

be appointed to represent him in the instant action.

behalf alleging that the District Court erred in denying him an adjustment for acceptance of responsibility under U.S.S.G. § 3E1.1 (2003), and for failing to recognize its authority to depart below the career offender guideline range pursuant to U.S.S.G. § 4A1.3. It appears that the Fourth Circuit considered the District Court's determination that Movant met the classification as a career criminal and found no error. Movant's claim of ineffective assistance of counsel in the assessment of his classification as a career criminal is therefore clearly without merit.

### **PROPOSAL AND RECOMMENDATION**

Accordingly, the undersigned respectfully proposes that the Court confirm and accept the foregoing findings and **RECOMMENDS** that the District Court **DENY** Movant's Motion Under § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Document No. 52) and **DISMISS** and remove this matter from the Court's docket.

Movant is hereby notified that this "Supplemental Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Thomas E. Johnston. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(e) and 72(b), Federal Rules of Civil Procedure, Movant shall have thirteen days (ten days, filing of objections and three days, mailing/service) from the date of filing of this Proposed Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals.

Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155, 106 S.Ct. 466, 475, 88 L.Ed.2d 435 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir.) cert. denied, 467 U.S. 1208, 104 S.Ct. 2395, 81 L.Ed.2d 352 (1984). Copies of such objections shall be served on opposing parties, District Judge Johnston, and this Magistrate Judge.

The Clerk of this Court is directed to file this "Supplemental Proposed Findings and Recommendation" and to mail a copy of the same to Movant at his current address - Mr. Gary L. Toler, Inmate No. 02254-088, MCFP Springfield, Medical Center/Federal Prisoners, P.O. Box 4000, Springfield, Mo. 65801 – and counsel of record.

Date: May 7, 2008.

R. Clarke VanDervort
United States Magistrate Judge